Jack **DOCHTERMAN**, Plaintiff,

v.

**FIRST MISSISSIPPI CORPORATION,**
**et al., Defendants.**

**Civ. A. No. 6:93–0589.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Sept. 20, 1993.

Stuart Calwell and Mary McQuain, Calwell & McCormick, Charleston, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, Richard J. Antonelli, Buchanan Ingersoll, Pittsburgh, PA, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand. For reasons set forth herein, Plaintiff's motion to remand is DENIED.

Plaintiff was employed by Defendant First Mississippi Corporation (First Mississippi) and its subsidiaries for over 14 years. Plaintiff alleges he was wrongfully discharged by

Defendants on June 15, 1992. Plaintiff asserts, in part, that this wrongful discharge occurred after Defendants induced Plaintiff to transfer his employment to West Virginia. These inducements allegedly included a $15,000.00 moving package, no loss of seniority, and the carryover of all vacation and other benefits.

Plaintiff asserts several causes of action related to his discharge, including breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, intentional infliction of emotional distress and other tortious conduct. Plaintiff's claim for breach of the covenant of good faith and fair dealing is based, in part, on the allegation that Defendants' "discharge[d] [Plaintiff] in order to avoid paying him his employment benefits, including, but not limited to, moving expenses, vacation and other benefits due him."

Defendants removed this action pursuant to 28 U.S.C. § 1441. Defendants assert Plaintiff's complaint is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. Plaintiff seeks remand, asserting preemption is inappropriate.

Section 510 of ERISA, 29 U.S.C. § 1140, provides in pertinent part as follows:

> It shall be unlawful for any person to discharge ... a participant or beneficiary for ... the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] this subchapter.... The provisions of section 1132 of this title shall be

applicable in the enforcement of this section.

■ A state cause of action is preempted when it conflicts directly with an ERISA cause of action. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 142, 145, 111 S.Ct. 478, 484–85, 486, 112 L.Ed.2d 474 (1990) (holding " 'When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected' by § 510 of ERISA, 'due regard for the federal enactment requires that state jurisdiction must yield' ").

In *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir.1992), plaintiff asserted, *inter alia*, that defendant breached an implied covenant of good faith and fair dealing by terminating her " 'to avoid the payment to her of benefits to which she was or would become entitled to receive' " under certain benefit plans. *Id.* at 1133. The court held this claim preempted by ERISA § 510. *Id.* at 1137 (stating "As such, ERISA preempts [plaintiff's] wrongful discharge claim for the same reasons that ERISA preempted a similar claim in *Ingersoll–Rand:* because this claim ... directly conflicts with Section 510 of ERISA").

■ Plaintiff's claim for breach of the duty of good faith and fair dealing is based, in part, on the proposition that Defendants "discharge[d] [Plaintiff] in order to avoid paying him his employment benefits, including, but not limited to, moving expenses, vacation and *other benefits due him*" (emphasis added).[1] The alleged "purpose" of Plaintiff's "discharge," therefore, was to "interfer[e] with the attainment of ... right[s] to which [he]

---

1. This catchall phrasing presumably includes the medical and retirement benefits provided to Defendants' employees. Defendants suggested as much in their response to Plaintiff's motion to remand. *See* Defs.' Resp. at 4. Plaintiff's failure to respond to this assertion leads the Court to conclude Defendants' characterization is appropriate. The structure of these benefits appears to place them squarely within the statutory definitions of "employee benefit plans" under ERISA.

ERISA defines an "employee benefit plan" or "plan," in part, as an employee welfare benefit plan (welfare plan) or an employee pension benefit plan (pension plan). 29 U.S.C. § 1002(3). A welfare plan is defined, in part, to include a "program ... established or ... maintained for

the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care, or benefits." *Id.* at § 1002(1). Defendant First Mississippi's employee benefits manual expressly provides for a broad spectrum of medical coverage, including hospital room and board and surgical benefits.

A pension plan is defined, in part, as any "program ... to the extent that by its express terms or as a result of surrounding circumstances such ... program—(i) provides retirement income to employees...." *Id.* at § 1002(2)(A). First Mississippi's retirement plan expressly provides for the payment of such retirement income.

may become entitled under the plan." This portion of Plaintiff's claim falls unambiguously within § 510 of ERISA.. Because Plaintiff's claim is in direct conflict with § 510, it is preempted, and the Court exercises its original jurisdiction over the claim.

■ The Court is not disposed, given the current record, to decide whether Plaintiff's remaining claims are completely preempted by ERISA. However, it is apparent that Plaintiff's remaining claims "are so related to [the § 510 claim] that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see* 28 U.S.C. § 1441(c); *see also Richmond v. American Sys. Corp.*, 792 F.Supp. 449, 454 (E.D.Va.1992). The Court will, therefore, exercise jurisdiction over Plaintiff's remaining claims. Accordingly, Plaintiff's motion to remand is **DENIED.**